Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 11, 2013, which denied claimant’s application to reopen a prior decision.
*1496 In August 2011, the Department of Labor issued an initial determination which found, among other things, that claimant was ineligible to receive unemployment insurance benefits because his employment was terminated due to misconduct following a positive result of a drug test. After claimant failed to attend a September 2011 hearing on the matter, the Administrative Law Judge (hereinafter ALJ) rendered a default decision against him, but granted him leave to move to reopen the decision within a reasonable time. In August 2012, claimant applied to reopen the decision. At the subsequent hearing, claimant stated that it took him 11 months to apply to reopen the decision because he believed that the drug test was fraudulent and he was waiting for the results of an investigation by the Inspector General’s office into the circumstances surrounding the test. Claimant submitted no results from said investigation at the hearing, and, thereafter, the ALJ concluded that claimant had failed to apply to reopen the decision within a reasonable period of time without good cause. The Unemployment Insurance Appeal Board affirmed the ALJ’s decision and claimant now appeals.
Under these circumstances, we find no reason to disturb the Board’s determination that claimant failed to demonstrate good cause for not applying to reopen the default decision within a reasonable time (see 12 NYCRR 461.8; Matter of Stich [Commissioner of Labor], 265 AD2d 792, 792-793 [1999]; Matter of Peters [Sweeney], 223 AD2d 919, 919 [1996]). Accordingly, claimant’s arguments relating to the underlying merits of the denial of his application for unemployment insurance benefits are not properly before this Court (see Matter of Popescu [Commissioner of Labor], 16 AD3d 757, 758 [2005]).
Lahtinen, J.E, Stein, McCarthy, Garry and Lynch, JJ., concur.
Ordered that the decision is affirmed, without costs.